# United States Court of Appeals for the Fifth Circuit

---

No. 23-50280
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

August 2, 2023

Lyle W. Cayce
Clerk

VAMSIDHAR REDDY VURIMINDI,

*Plaintiff—Appellant*,

*versus*

ALEJANDRO MAYORKAS, *Secretary, U.S. Department of Homeland Security*; MERRICK GARLAND, *U.S. Attorney General*; UR MENDOZA JADDOU, *U.S. Citizenship and Immigration Services Director*; CONNIE NOLAN, *Deputy Associate Director, Service Center Operation Directorate, USCIS*; DEBRA A. ROGERS, *Potomac Service Center Director, USCIS*; MARIO ORTIZ, *San Antonio District Director, USCIS*; WILEY BLAKEWAY, *San Antonio Field Office Director, USCIS*,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:23-CV-220

---

No. 23-50280

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Vamsidhar Vurimindi, proceeding *pro se*, appeals the district court's dismissal of his complaint. Given recent developments, we dismiss this appeal as moot.

In 2008, Vurimindi, a native of India, became a lawful permanent resident ("LPR") in the United States after marrying an American citizen. Years later, the federal government initiated removal proceedings against him following his arrest and conviction on two counts of misdemeanor stalking under Pennsylvania law. The Board of Immigration Appeals ordered Vurimindi removed. On appeal, the Third Circuit held that Pennsylvania stalking does not qualify as a removable offense and vacated the Board's order. *See Vurimindi v. Att'y Gen. U.S.*, 46 F.4th 134, 148 (3d Cir. 2022).

Following that decision, Vurimindi brought suit in the Western District of Texas against various federal officials and agencies. He sought a court order requiring Defendants to stamp his passport or I-94 Card with proof of LPR status. On March 29, 2023, the district court dismissed Vurimindi's claims as frivolous. Two days later, a federal immigration officer stamped Vurimindi's passport with proof of LPR status. The officer allegedly added to that page of his passport a handwritten annotation of his then-pending removal proceedings. In mid-April, the BIA terminated the proceedings against Vurimindi.

This appeal is moot. Vurimindi received proof of LPR status, and he is no longer under removal proceedings. He contests mootness on the ground

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

that the stamp is no longer enough.  The annotations on his passport and the public record of the previous removal order have allegedly prevented him from returning to the job he had before his conviction.  He argues that unless those are scrubbed, he cannot get the relief he seeks.  Those allegations are not the basis of this action, however.  Vurimindi has received the relief he requested in his complaint, so this case no longer presents a live controversy. *See Bailey v. Southerland*, 832 F.2d 277, 278–79 (5th Cir. 1987) (per curiam).

DISMISSED AS MOOT.